**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHEILA TWIGGS,**
**STEVIN TWIGGS,**

                         **Plaintiffs,**

**-vs-**                                                                   **Case No. 6:08-cv-314-Orl-22KRS**

**PROTOCOL MARKETING GROUP, INC.,**

                         **Defendant.**
_____

**ORDER**

Plaintiffs' First Amended Complaint asserts federal claims of sexual harassment and retaliation pursuant to Title VII, 42 U.S.C. § 2000e *et seq.* Additionally, the pleading advances the following state law claims: sexual harassment pursuant to Fla. Stat. § 760.01 *et seq.*, retaliation pursuant to the same statute, whistleblower retaliation in violation of Fla. Stat. § 448.101 *et seq.*, battery, assault, negligent supervision, negligent retention, and loss of consortium. *Sua sponte*, pursuant to 28 U.S.C. § 1367(c), the Court examines whether it should decline to exercise supplemental jurisdiction over the state law claims.

Title 28, United States Code, Section 1367 codifies the doctrines formerly known as pendent and ancillary jurisdiction. *See Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1562 n.3 (11th Cir. 1994); *James v. Sun Glass Hut of Cal., Inc.*, 799 F. Supp. 1083, 1084 (D. Colo. 1992). Section 1367(c) lists specific circumstances in which a district court may decline to exercise supplemental jurisdiction over a state law claim joined with a claim over which the court has original jurisdiction. The district court may refuse to exercise supplemental jurisdiction if, *inter alia*, the state

claim raises a "novel or complex issue of State law" or "substantially predominates over" the claim over which the Court has original jurisdiction. 28 U.S.C. § 1367(c)(1) & (2). Additionally, a district court may decline to exercise jurisdiction over a state claim if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c)(4). If, after examining the factors listed in § 1367(c), the district court "decides that it has the discretion . . . to decline jurisdiction . . . it should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience, in deciding whether or not to exercise that jurisdiction." *Palmer*, 22 F.3d at 1569.

Courts considering supplemental jurisdiction have declined to exercise jurisdiction in cases in which the state claims require different or foreign elements of proof. *See James*, 799 F. Supp. at 1085 (declining to exercise supplemental jurisdiction over employee's state law claims where they substantially predominated over ADEA claim); *Gregory v. S. New England Tel. Co.*, 896 F. Supp. 78, 84 (D. Conn. 1994) (declining to exercise supplemental (pendent party) jurisdiction over employee's state law claim against manager, where Title VII claim against manager had been dismissed and allegations against manager were wholly distinct from those against remaining defendant). Additionally, courts in this circuit have hesitated to exercise pendent jurisdiction over state claims which would only serve to introduce jury confusion and delay. *See Bennett v. S. Marine Mgmt. Co.*, 531 F. Supp. 115, 117-18 (M.D. Fla. 1982) (combining Title VII and state tort and contract claims would cause confusion and delay, which is at odds with important federal policies underlying Title VII); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (affirming trial judge's exercise of discretion not to assert pendent party jurisdiction and deference to state court's resolution of the state law claim of assault and battery). Finally, courts have pointed to differences in recoverable damages as a basis for refusing to exercise supplemental or pendent jurisdiction. *See James*, 799 F. Supp. at

1085 ("all the state law claims involve damages not available under ADEA"); *Bennett v. S. Marine Mgmt. Co.*, 531 F. Supp. at 117 ("[T]hese state claims also support theories of recovery unavailable under Title VII; presentation of additional elements of damages necessarily involves additional discovery and trial time").

Plaintiffs' state law claims alleging whistleblower retaliation, battery, assault, negligent supervision, negligent retention, and loss of consortium involve elements of proof distinctly different from those associated with Plaintiffs' federal claims. Additionally, there are differences in the amount of damages that may be recovered on the federal sexual harassment and retaliation claims as compared to their state law counterparts. *Compare* 42 U.S.C. § 1981a(b) *with* Fla. Stat. § 760.11(5). Moreover, the Court is convinced that trying the federal and state claims together would present a substantial risk of jury confusion. Finally, the Court determines that the state law claims substantially predominate over the federal claims. Accordingly, after considering the other factors identified in *Palmer v. Hospital Authority of Randolph County*, the Court determines that the exercise of supplemental jurisdiction over the state law claims would not be appropriate in this case.

Based on the foregoing, it is ORDERED as follows:

1. Plaintiffs' state law claims of sexual harassment (Count I), retaliation (Count II), whistleblower retaliation (Count III), battery (Count IV), assault (Count V), negligent supervision (Count VIII), negligent retention (Count IX), and loss of consortium (Count X) are hereby REMANDED to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida (state case no. 05-2007-CA-72907).

2. The Clerk of this Court shall terminate Stevin Twiggs as a party to this action.

    3. This case shall proceed on the claims of sexual harassment and retaliation brought pursuant to Title VII (Counts VI and VII).

    **DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 28, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

*/s/ Anne C. Conway*
ANNE C. CONWAY
United States District Judge